UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ERWIN JACKSON,

       Petitioner,

v.                                                                                    22-CV-666-LJV
                                                                                      ORDER
SUPERINTENDENT, ELMIRA
CORRECTIONAL FACILITY,

       Respondent.

---

      The pro se petitioner, Erwin Jackson, is an inmate confined at the Elmira Correctional Facility ("Elmira") in Elmira, New York, who seeks a writ of habeas corpus under 28 U.S.C. § 2241. Docket Item 1. Jackson's petition raises a rather novel claim: He argues that he should be serving his state prison sentence for multiple counts of robbery and one count of conspiracy in federal—not state—custody because the robberies for which he was convicted involved "national" banks organized and chartered by the United States. *Id.* at 1-3. Only the federal courts have jurisdiction over "federal" bank robbery offenses, Jackson says, and New York State therefore cannot hold him in custody because it has no jurisdiction over the robbery offenses. *Id.* (citing 18 U.S.C. § 2113).

      Jackson contends that 28 U.S.C. § 2241 is the correct vehicle for his petition because he is not challenging his state court conviction or sentence but rather "is directly challenging the respondent's unlawful det[ention of] him upon offenses that were committed against the United States." *Id.* at 4. He asks this Court to order his transfer to federal custody to serve the remaining portion of his sentence. *Id.*

For the following reasons, Jackson's petition is recharacterized as one brought under 28 U.S.C. § 2254 and is transferred to the United States District Court for the Eastern District of New York.

## BACKGROUND

On December 29, 2005, Jackson was indicted in New York State Supreme Court, Nassau County, on multiple counts of first-degree robbery and one count of fourth-degree conspiracy. Docket Item 1 at 5; Docket Item 1-1. That indictment charged Jackson and two co-defendants with robbing several banks—including the Bethpage Federal Credit Union, Citibank, and Bank of America—in Nassau County, New York. Docket Item 1 at 5.

After Jackson was convicted on nine counts of first-degree robbery and one count of fourth-degree conspiracy, *id.,* the court sentenced him to an aggregate, determinate term of thirty years' imprisonment and five years' post-release supervision; he also was ordered to pay restitution.[1] Docket Item 1 at 5; *Jackson v. Comm'r of Dep't of Corr. and Cmty. Supervision.*, 2016 WL 11738712, at *1 (E.D.N.Y. Mar. 28, 2016) ("*Jackson III*"). On direct appeal, the New York State Supreme Court, Appellate

---

[1] In 2006, before his trial and subsequent conviction, Jackson filed a federal habeas corpus petition under section 2254. *Jackson v. Leonardo*, 2012 WL 4171042, at *1-2 (E.D.N.Y. July 27, 2012) ("*Jackson I*"), *report and recommendation adopted by Jackson v. Leonardo*, 2012 WL 4173700 (E.D.N.Y. Sept. 18, 2012). That petition challenged, among other things, Jackson's November 2005 arrest on the robbery and conspiracy charges and "alleged improprieties regarding the proceedings involved" in that arrest. *Id.* at *3-4. The court denied the petition because Jackson had not exhausted his state court remedies; the court also found that because the petition was subject to dismissal on the merits, "requiring submission to the state courts so that [Jackson could] exhaust his administrative remedies would be a waste of resources for both the state and federal courts." *Id.* at *5.

2

Division, Second Department, vacated the sentence and remanded for resentencing, finding that the sentencing court erred by not sentencing Jackson as a persistent violent offender. Docket Item 1 at 6; *Jackson III*, 2016 WL 11738712, at *1. On remand, Jackson was sentenced as a persistent felony offender to a term of imprisonment of forty-four years to life. Docket Item 1 at 6; *Jackson III*, 2016 WL 11738712, at *1.

Jackson filed numerous state court post-judgment motions and petitions and at least two federal habeas petitions challenging his state court conviction and sentence.[2] Docket Item 1 at 6; *Jackson III*, 2016 WL 11738712, at *2-3. On September 1, 2022, he filed the petition at issue here. Docket Item 1.

---

[2] A thorough summary of Jackson's state court proceedings—including his petitions for post-conviction and habeas relief—is provided in two separate orders addressing Jackson's 2011 federal petition for a writ of habeas corpus. *Jackson v. Comm'r of Dep't of Corr. and Cmty. Servs.*, 2015 WL 4603356, at *1-3 (E.D.N.Y. July 30, 2015) ("*Jackson II*"); *Jackson III*, 2016 WL 11738712, at *1-3. That 2011 petition was filed in this Court under section 2241 and transferred to the Eastern District of New York, where it was recharacterized and converted to a petition under section 2254. *Jackson III*, 2016 WL 11738712, at *3. In that petition, Jackson asserted that the state court judge had failed to impose separate sentences on each count as required under N.Y. Crim. Proc. Law § 380.20, and that the commitment order did not correctly reflect the judge's oral pronouncement of his sentence. *Id.* at *5.

The Eastern District initially dismissed the petition without prejudice based on Jackson's failure to exhaust his state remedies. *Jackson II*, 2015 WL 4603356, at *3-5. But the court granted Jackson's motion for reconsideration because the court had been unaware that Jackson's state habeas petition was no longer pending when it dismissed the petition. *Jackson III*, 2016 WL 1738712, at *3-5. Upon reconsideration, the Eastern District denied the petition on the merits. *Id.* at *5-6.

## **DISCUSSION**

Jackson argues that because he is not "attacking or challenging" his state court convictions and sentence, his petition is properly brought under section 2241 rather than section 2254. *Id.* at 4. He asserts that he is "directly challenging the respondent's unlawful det[ention of] him upon offenses that were committed against the United States" and that "the respondent [must] transfer [him] to the proper custody"—that is, federal custody. *Id.*

Perhaps Jackson does not want his petition to be construed as a section 2254 petition because if it is so construed (1) it may be subject to dismissal under the "second or successive" rule and the one-year period of limitations for filing petitions under section 2254, *see* 28 U.S.C. § 2244(b)(1) and (d)(1); and (2) it may be transferred either to the Eastern District of New York, *see id.* § 2241(d) (granting concurrent jurisdiction to the district court of the district where the petitioner is in custody and the district court of the district where the petitioner was convicted), or to the Second Circuit, *see id.* § 2244(b)(3) (requiring a petitioner to "move in the appropriate court of appeals for an order authorizing the district court to consider" a second or successive application). But regardless of the reason, Jackson is incorrect: The vehicle for the relief he seeks is section 2254, and his claim should be resolved in the Eastern District of New York.

**I.   RECHARACTERIZATION**

It is well settled that a state prisoner challenging the imposition or execution of his sentence must bring a petition under section 2254 rather than section 2241. *Cook v. N.Y. State Div. of Parole*, 321 F.3d 274, 278 (2d Cir. 2003). In *Cook*, the Second Circuit

4

explained that while a person in federal custody may challenge the execution of his sentence under section 2241, the same is not true of a person in state custody. *Id.*

> [W]hile a state prisoner may challenge either the imposition or the execution of a sentence under [s]ection 2254[,] [b]ecause a *federal* prisoner cannot challenge the *execution* of his or her sentence by a motion under section 2255, he or she must resort to a section 2241 petition to do so. A state prisoner . . . by contrast, not only may, but according to the terms of section 2254 must, bring a challenge to the execution of his or her sentence . . . under section 2254. A petition under section 2241 is therefore unavailable to [such a petitioner].

*Id.* (emphasis in original) (internal citation omitted). When a state prisoner challenges the execution of a state sentence under section 2241, the district court properly treats the petition as one brought under section 2254. *Id.* at 277 ("[I]f an application that should be brought under 28 U.S.C. § 2254 is mislabeled as a petition under section 2241, the district court must treat it as a section 2254 application instead.").

Jackson claims that the respondent cannot detain him in state custody because Jackson was convicted of robbing national banks and, accordingly, should be serving his state sentence in federal custody. Docket Item 1 at 7-10. Regardless of how Jackson characterizes his claim, he clearly is attacking the imposition and the execution of his sentence. *See Cook*, 321 F.3d at 278; s*ee also Rossney v. Travis*, 2003 WL 135692, at *5 (S.D.N.Y. Jan. 17, 2003) ("[B]ecause the petitioner is in custody pursuant to the judgment of a state court and challenges an aspect of the execution of his sentence, the petition is properly construed under [section] 2254 rather than [section] 2241."). The Court therefore concludes that despite Jackson's characterization of his petition, section 2254 is the only proper vehicle for Jackson's claims and that the petition must be recharacterized as one brought under that section.

5

Because there are limitations on "second and successive" section 2254 petitions, *see* 28 U.S.C. § 2244(b)(1), a court generally must provide a petitioner "notice and an opportunity to withdraw a petition improperly filed under [section] 2241 before . . . convert[ing] it to a [section] 2254 petition."  *Thomas v. Wolcott*, 2020 WL 8675802, at *2 (W.D.N.Y. July 17, 2020); *see also Adams v. United States*, 155 F.3d 582, 584 (2d Cir. 1998) (cautioning district courts not to recharacterize a motion brought under some other provision as being brought under 28 U.S.C. § 2255 unless the petitioner is advised of "the potential adverse consequences of such recharacterization" and provided opportunity to withdraw the petition).[3]

But notice and opportunity to withdraw the petition is not required when the petitioner already has filed a prior section 2254 petition that was denied on the merits. *See Jiminian v. Nash*, 245 F.3d 144, 148 (2d Cir. 2001) ("[T]he concerns raised in *Adams* do not apply to a federal prisoner . . . who has previously had a [section] 2255 motion dismissed on the merits because, under such circumstances, the federal prisoner is already subject to the AEDPA's gate-keeping requirements.  Accordingly, district courts may construe [section] 2241 petitions . . . as second or successive [section] 2255 motions without providing the movant with notice and an opportunity to withdraw the motion."); *Cook,* 321 F.3d at 281-82 (applying *Adams* to a section 2254 petition); *McCullough v. Fischer*, 2014 WL 576260, at *3-4 (W.D.N.Y. Feb. 10, 2014) (stating that if a petition already is a second or successive petition, the court need not

---

[3] Although *Adams* addressed the court's ability to recharacterize a petition as being brought under 28 U.S.C. § 2255, courts have applied its reasoning to recharacterize petitions as brought under 28 U.S.C. § 2254.  *See, e.g.*, *Cook,* 321 F.3d at 281-82.

6

provide the petitioner notice and opportunity to withdraw before converting it to one under section 2254 because the petitioner filed a prior petition that was denied on the merits).

Because Jackson has filed at least one prior section 2254 petition that was denied on the merits, *see Jackson III*, 2016 WL 11738712, at *5-6, this Court need not provide him notice and an opportunity to withdraw this petition before recharacterizing it as brought under section 2254.

## II.     TRANSFER

Now that the petition has been recharacterized as one brought under section 2254, the Court finds that it should be transferred to the Eastern District of New York because Jackson's conviction and sentence were entered in Nassau County.

Under 28 U.S.C. § 2241(d),

> [w]here an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, *the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him* and each of such district courts shall have concurrent jurisdiction to entertain the application.  The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

*Id.* (emphasis added).  Elmira is located within the Western District of New York, and New York State Supreme Court, Nassau County, is located within the Eastern District of New York.  Venue therefore properly lies in either district.

Nevertheless, transfer to the Eastern District would be "in furtherance of justice." *See id.*  All records relating to Jackson's underlying criminal conviction and sentence, and presumably any witnesses other than the petitioner himself who might testify at a

7

hearing, are located in the Supreme Court, Nassau County, making the Eastern District a more convenient venue. *See Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 499 (1973) (finding that the district "where all of the material events took place" and where "the records and witnesses pertinent to [the] petitioner's claim are likely to be found" was "almost surely the most desirable forum for the adjudication of the claim").

Because this Court concludes that the Eastern District of New York is a more appropriate forum, any decisions about whether this petition is a second or successive petition and, if so, whether it should be dismissed or transferred to the Second Circuit, *see Liriano v. United States*, 95 F.3d 119, 123 (2d Cir. 1996) (holding that when a second or successive habeas corpus petition is filed in district court without authorization from the Second Circuit, the district court should transfer the case to the Second Circuit), are best left for that court.

## **ORDER**

For the foregoing reasons,

IT IS HEREBY ORDERED that the petition is construed and recharacterized as one brought under 28 U.S.C. § 2254; and it is further

ORDERED that the petition is transferred to the United States District Court for the Eastern District of New York.

SO ORDERED.

Dated:   December 6, 2022
         Buffalo, New York

                                              */s/ Lawrence J. Vilardo*
                                              LAWRENCE J. VILARDO
                                              UNITED STATES DISTRICT JUDGE