```
UNITED STATES DISTRICT COURT                                C/M
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
  ERWIN JACKSON,                           :
                                           :   MEMORANDUM DECISION AND
                              Petitioner,  :   ORDER
                                           :
           - against -                     :   22-cv-7396 (BMC)
                                           :
                                           :
  SUPERINTENDENT, ELMIRA                   :
  CORRECTIONAL FACLITY,                    :
                                           :
                              Respondent.  :
----------------------------------------------------------- X
```

**COGAN**, District Judge.

The petition seeking habeas corpus relief, purportedly under 28 U.S.C. § 2241, comes to this Court on a transfer order from the Western District of New York (Vilardo, D.J.) (the "Transfer Order"). Petitioner is a serial litigant who has filed countless challenges to his state court convictions in this Court and others. The facts relating to those convictions and his prior litigation history are set forth in the Transfer Order – familiarity with which is assumed – and thus will not be repeated here.

As Judge Vilardo found, this is not a § 2241 petition. Petitioner claims he is not seeking to challenge his conviction or sentence; rather, he is seeking a transfer from state to federal custody. His reasoning is that federal courts have exclusive jurisdiction over bank robbery prosecutions because banks are federally insured. His proposed remedy for that is a transfer to federal prison.[1]

---

[1] At about the same time he filed this purported § 2241 proceeding in the Western District of New York, petitioner brought a purported petition for a writ of *coram nobis* based on the same legal theory. That case will be transferred to the Court of Appeals by separate order.

Without analyzing the merits of his claim,[2] this is not a petition for § 2241 relief. Acceptance of his legal theory would require vacatur of his state court conviction and sentence. Indeed, there is no procedure by which his state sentence could be transformed into a federal sentence to permit transfer into federal custody. As Judge Vilardo found: "Regardless of how Jackson characterizes his claim, he clearly is attacking the imposition and the execution of his sentence." This Court affords deference to Judge Vilardo's holding as law of the case, and in any event, it is clearly correct.

As an experienced habeas litigant, defendant has mischaracterized his petition as arising under § 2241 in an attempt to get around the prohibition on second or successive § 2254 petitions without leave from the Court of Appeals. See 28 U.S.C. § 2244(b)(1). Petitioner has already filed multiple § 2254 petitions and motions for reconsideration in this district that have been finally determined. Because the instant petition is, in substance, a § 2254 petition, this Court must transfer the case to the Court of Appeals. See Liriano v. United States, 95 F.3d 119, 123 (2d Cir. 1996).[3]

---

[2] But, to say it briefly: there are none. See, e.g., Bartkus v. Illinois, 359 U.S. 121, 133 n.22 (1959); Trader v. Outlaw, 05-cv-4462, 2006 WL 2385514, at *3 (E.D. Pa. Aug. 16, 2006).

[3] Although Judge Vilardo recharacterized the petition as arising under § 2254, he reverted to analyzing venue under § 2241, concluding that since § 2241 allows venue in either the district where the petitioner is being held or where he was convicted, transfer was appropriate under 28 U.S.C. § 1404(a). But as a recharacterized § 2254 petition, it could only be brought here, in the district encompassing the state court that convicted him, and the proper transfer provision was 28 U.S.C. § 1406. Under either statute, transfer to the Second Circuit from the Western District of New York instead of here would have cut out the middleman.

The Clerk of Court is so directed.

**SO ORDERED.**

*Brian M. Cogan*
_____
USDJ

Dated:  Brooklyn, New York
        April 27, 2023